```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE BAKERY AND     :
CONFECTIONERY UNION AND INDUSTRY
INTERNATIONAL PENSION FUND     :

     v.                        :   Civil Action No. DKC 23-603

                               :
A. ANGONOA, INC., et al.
                               :
```

**MEMORANDUM OPINION**

Plaintiffs filed a renewed motion for default judgment on August 6, 2024. (ECF No. 24). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiffs' motion will be granted.

**I.   Background**

A more detailed factual and procedural background has been set forth in the court's July 10, 2024, Memorandum Opinion. (ECF No. 22). To summarize, Plaintiffs are the trustees of a multi-employer pension plan, the Bakery and Confectionery Union and Industry International Pension Fund (the "Pension Fund"). The Pension Fund is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(2) and (3). (*Id.*). Plaintiffs are fiduciaries to—and the plan sponsor of—the Pension Fund and are authorized to file this action under 29 U.S.C. §§ 1132, 1145, and 1451(a). (*Id.* ¶¶ 5, 7).

Defendants Angonoa, Inc. ("Angonoa") and JAG Specialty Foods, LLC ("JAG") are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(5), (11), (12), and 1003(a)(1). (*Id.* ¶¶ 8, 10). Angonoa and JAG are under common control and constitute a single employer within the meaning of 29 U.S.C. § 1301(b)(1). During the relevant time period, JAG was owned by John Ferrante ("Mr. Ferrante"), Gregg DeSantis ("Mr. DeSantis"), and Eileen Rapp ("Ms. Rapp").

Angonoa was a participating employer in the Bakery, Confectionery, Tobacco Workers & Grain Millers Local 102 Pension Fund ("Local 102 Pension Fund") until November 30, 2006. The Local 102 Pension Fund issued a withdrawal liability assessment on June 11, 2007, demanding that Angonoa pay 76 quarterly installments of $23,600.10 and a final payment of $7,839.24. The Local 102 Pension Fund amended the assessment on November 14, 2007, to $964,834.84 and demanded that Angonoa pay 65 quarterly payments of $23,600.10 plus a final payment of $7,8321.88. Angonoa requested reconsideration of the withdrawal liability assessment and the amount of the quarterly payments. In addition, Angonoa demanded arbitration. On an unknown date, the Local 102 Pension Fund merged with Plaintiff Pension Fund and Plaintiff Pension Fund became the successor in interest to Angonoa's withdrawal liability.

2

Angonoa and the Local 102 Pension Fund entered into an agreement in May 2008 whereby Angonoa acknowledged withdrawal liability, agreed to withdraw its arbitration petition, and make 75 quarterly payments of $14,936.46 after the application of the following credits.  The Local 102 Pension Fund credited three payments of $23,600.10 that Angonoa paid prior to the parties' agreement ($70,800.30) and credited an overpayment of $25,990.92 toward future payments.  After applying the three payments of $23,600.10 and the $25,990.92 credit, Angonoa's payment due April 1, 2008, was considered paid and the payment due July 1, 2008, was reduced to $3,882.

Angonoa failed to make payment under the parties' agreement after July 1, 2021.  Plaintiffs filed this action on March 6, 2023, asserting that they were due $358,496.16 in withdrawal liability plus interest, liquidated damages, attorneys' fees, and costs.

The clerk entered default against Defendants on September 27, 2023, for their failure to respond to Plaintiffs' Complaint after proper service.  (ECF No. 15).  Plaintiffs filed the subject renewed motion for entry of default judgment on August 6, 2024. (ECF No. 24).  Plaintiffs seek default judgment against Defendants in the amount of $478,432.93 which consists of $358,496.16 representing 24 unpaid payments of $14,936.46 under the parties' withdrawal liability settlement agreement, $37,877.82 in interest

3

through August 25, 2023, $71,699.23 in liquidated damages, and $10,359.72 in attorneys' fees and costs.

## II.  Standard of Review

"[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

"Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."  *Trs. of Nat'l Elec. Benefit Fund v. Eckardt Elec. Co.*, No. 23-cv-1459-DKC, 2024 WL 473805, at *2 (D.Md. Feb. 7, 2024); see also *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005).  Before entering default judgment, "[t]he court first

4

determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages." *Eckardt*, 2024 WL 473805, at *2 (citing Fed.R.Civ.P. 55(a)); *see also J&J Sports Prods., Inc. v. Torres*, No. 18-cv-1001-GJH, 2019 WL 1384090, at *2 (D.Md. Mar. 27, 2019) (citing *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010)).

"While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *Id.* (quoting *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.Md. 2001)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. 09-cv-3174-WDQ, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**III. Analysis**

Assuming the truth of the well-pleaded allegations of the Complaint, as the court must upon entry of default, Plaintiffs have established a claim for withdrawal liability under ERISA. "To state a claim for withdrawal liability under ERISA, [a plaintiff] must allege that: (1) [the] [d]efendant was required to contribute to a multiemployer plan; (2) [the] [d]efendant withdrew from that plan; (3) [the] [d]efendant was presented with a demand for withdrawal-liability payments; (4) [the] [d]efendant failed to

5

make certain payments when due; and (5) [the] [d]efendant did not initiate arbitration." *Int'l Painters & Allied Trades Indus. Pension Fund v. Lettermen Signage, Inc.*, No. 23-cv-1059-JKB, 2024 WL 2882178, at *3 (D.Md. June 7, 2024) (citing *Demopoulous v. Sweet Clover Farms Inc.*, No. 17-cv-7269-ARR-CLP, 2019 WL 13470576, at *4 (E.D.N.Y. Mar. 7, 2019)).

### A. Unpaid Withdrawal Liability

Angonoa and the Local 102 Pension Fund entered into an agreement regarding the $964,835 withdrawal liability assessed against Angonoa and to set a schedule for its payment. Angonoa failed to make the payment due on July 1, 2021, and any subsequent payments. Plaintiffs have established that 24 payments of $14,936.46 remain due and owing on Angonoa's withdrawal liability debt. Although Plaintiffs' motion for default judgment asserts that $358,496.16 is due for withdrawal liability, the court will recognize $358,475.04 as the remainder of the withdrawal liability due and owing by Defendants.[1]

### B. Interest and Liquidated Damages

Interest is authorized under ERISA § 502. Plaintiffs have calculated interest of $37,877.82 under 26 U.S.C. § 6621 through August 25, 2023, and determined that thereafter $81.03 per day applies. The interest rate for overdue withdrawal liability is

---

[1] 24 payments of $14,936.46 total $358,475.04.

set by the Pension Benefit Guaranty Corporation and changes periodically.[2] The court recalculated interest owed using $358,475.04 as the withdrawal liability owed by Defendants. Based on the table below, interest of $68,186.37 through August 23, 2024, will be awarded.

| 7/1/2021 | 6/30/2022 | 364 | 3.25% | $11,618.52 |
|---|---|---|---|---|
| 7/1/2022 | 9/30/2022 | 91 | 4% | $3,574.93 |
| 10/1/2022 | 12/31/2022 | 91 | 5.5% | $4,915.53 |
| 1/1/2023 | 3/31/2023 | 89 | 7.5% | $6,555.67 |
| 4/1/2023 | 6/30/2023 | 90 | 7.75% | $6,850.31 |
| 7/1/2023 | 9/30/2023 | 91 | 8.25% | $7,373.29 |
| 10/1/2023 | 8/23/2024 | 327 | 8.50% | $27,298.12 |
|  |  |  | TOTAL | $68,186.37 |

Plaintiffs seek liquidated damages of $71,699.23. Liquidated damages are authorized under ERISA § 502(g)(2) and $71,695.01[3] will be awarded.

C.   **Attorneys' Fees**

Plaintiffs seek $9,740 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Counsel and a

---

[2] *See* https://www.pbgc.gov/prac/interest/oodwl (last viewed August 22, 2024).

[3] As discussed earlier, 24 payments of $14,936.46 total $358,475.04, which, multiplied by 20%, totals $71,695.01.

spreadsheet of the hours billed by Plaintiff's counsel. (ECF No. 24-2, pp. 2-3, 6-8). The spreadsheet shows that the firm spent 38.6 hours on this case on behalf of the Plaintiffs. Kathleen M. Keller, an attorney since 1999, charged $400 per hour for attorney time. Paralegals Hans-Peter von Thielen and Thuy Tran charged $150 per hour. The sum requested is supported by the record and Plaintiffs will be awarded $9,740 for attorneys' fees.

### D. Costs

Plaintiffs seek $619.72 in costs. (ECF Nos. 24-2, pp. 8-9). An additional $402 filing fee was paid to the court to commence this action. Thus, Plaintiffs will be awarded $1,021.72 in costs.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted. A separate order will follow.

                                             /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge